IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clinton D. Johnson, Jr., a/k/a Clinton D. Johnson #SC007900097, Jr., a/k/a Clinton Douglas Johnson, Jr., a/k/a Kayzon Ru,<br><br>Plaintiff,<br><br>v.<br><br>Officer B.R. Dancelon; Blake A. Norton; Shawn D. Chastin; Eli Elijah Hewell; Kim Rutz; Kim Dubose; Southern Healthcare Partners; Henry McMaster; Captain Jeremy Chapman; Brian Danielson; Mike Crenshaw; Wayne Owens; MPD Collins; Deputy Hailey; Bethany Blundy; David R. Wagner; and Steven Gilliard,<br><br>Defendants. | C/A No. 5:22-cv-1547-SAL<br><br><br>**ORDER** |

In May 2022, Plaintiff Clinton D. Johnson, Jr., proceeding pro se, filed this action alleging violations of his civil rights. He filed an amended complaint in June 2022. [ECF No. 14.] In September 2022, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("2022 Report") recommending the case be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 29.] The 2022 Report outlines that the claims in Plaintiff's amended complaint fail for several reasons. *Id.* In response, Plaintiff filed over 105 pages of arguments across multiple documents, *see* ECF Nos. 33, 35, 36, 39, 44, which the court construed as objections. But because Plaintiff did not specifically address the 2022 Report within those objections, the court reviewed the case for clear error and dismissed it without prejudice. [ECF No. 52.] Plaintiff appealed. On appeal, the Fourth Circuit found that certain arguments within Plaintiff's objections triggered de novo review; accordingly, it vacated this court's order and remanded the case. *See* ECF No. 82.

1

In October 2025, Plaintiff moved to amend his complaint for a second time. [ECF No. 86.] The court granted his motion, directed the Clerk's Office to provide Plaintiff a complaint form, and reminded him that his second amended complaint would replace the amended complaint in its entirety and therefore must be complete in itself.[1] [ECF No. 87.] The court directed Plaintiff to file his second amended complaint on or before November 6, 2025, and recommitted the case to the magistrate judge for screening under 28 U.S.C. § 1915A. *Id.*

In November 2025, Plaintiff requested an extension of time to file his second amended complaint. [ECF No. 91.] The magistrate judge granted his motion and extended his deadline to January 12, 2026. [ECF No. 82.] On January 15, 2026, Plaintiff again requested an extension. [ECF No. 95.] The magistrate judge again extended the deadline—this time to February 9, 2026. [ECF No. 96.] Plaintiff never filed a second amended complaint.

On February 27, 2026, the magistrate judge issued a Report and Recommendation (the "2026 Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 100.] The 2026 Report recommends that this matter be summarily dismissed without prejudice and without issuance of service of process. It incorporates the September 2022 Report and Recommendation ("2022 Report"), which addresses Plaintiff's claims in the amended complaint, ECF No. 14, the operative complaint, as Plaintiff never filed a second amended complaint. [ECF Nos. 29, 100.] Attached to the 2026 Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. [ECF No. 100 at 7.] Plaintiff has not filed any objections.

---

[1] Plaintiff also requested the appointment of counsel, but the court found that request premature without an amended complaint. [ECF No. 87.]

For the reasons that follow, the court adopts the 2022 and 2026 Reports, as modified here, and summarily dismisses this case without prejudice and without issuance and service of process.

## REVIEW OF A REPORT AND RECOMMENDATION

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Still, a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se

3

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I.     Plaintiff's Claims

As detailed in the amended complaint, which is only partly legible,[2] Plaintiff alleges numerous civil rights violations from his time as a pretrial detainee. *See* ECF No. 14. The 2022 Report summarizes the discernible allegations as follows:

- Plaintiff alleges he had only one bottle of shampoo, one roll of tissue, and two bars of soap and lacked a broom, mop, or any other cleaning supplies or a change of uniform for 79 days, ECF No. 14 at 10;

- Plaintiff claims that from December 31, 2021, to February 19, 2022, he received two peanut butter sandwiches, two cookies, and a drink packet for every meal though sometimes he did not receive cookies or a drink, *id.*;

---

[2] The 2022 Report notes Plaintiff was previously warned that his filings should be legible for the court to permit meaningful review. *See* ECF No. 29 at 3 (citing ECF No. 9 at 2 ("The handwriting on Plaintiff's original Complaint was illegible, with inadequate spacing between words, and therefore the Complaint could not be adequately reviewed by this court as required by federal law.")); *see also* ECF No. 20 at 2 ("**Plaintiff is advised that handwritten information should be printed darkly and legibly with adequate spacing** IN THE BLANKS PROVIDED ON THE COMPLAINT FORM. DO NOT WRITE IN THE MARGINS. **If Plaintiff does not submit a more clearly written complaint as directed under this order, this case may be subject to summary dismissal.**" (emphasis in original)). His amended complaint and subsequent filings are only partly legible, which limits the court's review.

- Plaintiff, who claims to be the founder of The Science of Amu The Kalph Rex Kayzon Ru, says he made a request for a religious diet in December 2021 and March 2022, which was denied because his religion is not recognized by SCDC or the federal government, *id.* at 10–11;

- Plaintiff says he was locked behind his door after a ten-day quarantine confinement in transport, and he further alleges that "[o]nce [he] complied that morning and went into [his] cell," the door did not open again until he was fingerprinted on January 11, 2022, *id.* at 11;

- Plaintiff claims he was forced to sign a warrant that he did not understand, *id.*;

- Plaintiff alleges he got a bond from December 9, 2021, to December 16, 2021, *id.* at 12;

- Plaintiff claims his toilet backed up on December 21, 2021, and he also experienced diarrhea and begged "them" at Oconee County Detention Center to stop messing with his food and to send his stool out for analysis, *id.*; and

- Plaintiff says he was taken for fingerprinting on January 4, 2022, on a charge involving bodily fluids, *id.* at 14.

*See* ECF No. 29 at 1–2. In a separate complaint form filed as part of his amended complaint, Plaintiff alleges the following facts:

> Plaintiff; Falsely accused, falsely reported statements and affidavits that entrapped Plaintiff into a single cell confin[e]ment, [] Stolen from: TradeMarks, Patents' by (Joesph) Officer (Brandon) delivered to Henry McMaster eventually (President Biden Immunity) Indicted and defamed attempted defraud (Detainees/officer)

[ECF No. 14-2 at 6–7.]

## II.    Recommendation

In the 2022 Report, the magistrate judge recommends dismissal of Plaintiff's conditions-of-confinement claims because his conclusory allegations regarding his lack of cleaning supplies, unsatisfactory food, cell confinement, and non-functioning toilet fail to establish constitutional violations by Defendants. [ECF No. 29 at 5.] The 2022 Report further explains, "Plaintiff has not alleged facts showing an extreme deprivation of basic human needs or 'serious or significant' pain or injury." *Id.* The magistrate judge further recommends summary dismissal of Plaintiff's First Amendment claim based on his failure to allege how the denial of his meal requests interfered with a tenant or belief central to his religion. *Id.* Finally, the magistrate judge recommends dismissal of the remainder of Plaintiff's claims for failing to sufficiently allege facts to support a plausible claim. *Id.* at 5–6.

The 2026 Report recounts the procedural history of this case and reaffirms the recommendation that this case be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 100.]

## III.    Objections

Although Plaintiff did not file objections to the 2026 Report, the court will address the documents he filed in 2022. *See* ECF Nos. 33, 35, 36, 39, 44. These filings include over 105 pages of largely conclusory allegations, hand-drawings, lists of Bible verses, statutes, cases, and regulations. And while Plaintiff does not specifically address the 2022 Report or the recommendations therein,[3] because he restates some of the claims from his amended complaint, the court reviews those portions de novo.

---

[3] Much of what Plaintiff submitted to the court is illegible. Even where Plaintiff's writing is legible, his arguments are difficult to follow, and it is hard to discern the points he is attempting to make.

IV.    **Analysis**

A.    **Conditions of Confinement**

Plaintiff's conditions-of-confinement claims arise from allegations that he lacked cleaning supplies and had only minimal personal care items for seventy-nine days; that he was served peanut butter sandwiches, cookies, and a drink at each meal; that he was held in quarantine for ten days following transport and then placed in isolation for an unspecified period; and that his cell contained a backed-up toilet. As pled, the court is unable to find that these conditions were either imposed with an express intent to punish or that they were unrelated to a legitimate, nonpunitive governmental objective such that an intent to punish can be inferred. Thus, these claims are subject to dismissal.

1.    **Legal Standard**

Conditions-of-confinement claims by pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment, which "protects pretrial detainees from being punished at all." *Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023) (explaining that "any pretrial detention conditions that 'amount to punishment' violate due process" while "the Eighth Amendment only protects post-conviction detainees from 'cruel and unusual punishment'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 535–37 & n.16 (1979))). "But not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988). Under Fourth Circuit precedent, a condition constitutes impermissible punishment only if it was "(1) imposed with an expressed intent to punish or (2) not related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.* (citing *Bell*, 441 U.S. at 538–40).

7

The Fourth Circuit has also established a two-part test for deliberate indifference claims based on conditions of confinement. "First, [a plaintiff] must show 'deprivation of a basic human need' that is 'objectively sufficiently serious.'" *Hammock v. Watts*, 146 F.4th 349, 360 (4th Cir. 2025) (quoting *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997)). This requires allegations of "'a serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.'" *Id.* (quoting *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)). Second, for claims "[u]nder the Fourteenth Amendment, which applies to pretrial detainees, 'it is enough that the plaintiff show that the defendant acted or failed to act in the face of unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Short v. Hartman*, 87 F.4th 593, 608–10 (4th Cir. 2023)).

### 2. Failure to Adequately Allege Deprivation of Basic Human Need That Is Objectively Sufficiently Serious

Turning to the first prong of the Fourth Circuit's test, Plaintiff fails to sufficiently allege an objectively serious deprivation with respect to his meal-related claims. While he complains of receiving the same food—sandwiches, cookies, and a drink—at every meal for a month and a half, such allegations do not rise to the level of a constitutional deprivation of a basic human need, even when the meal was "often without cookies or a drink packet," ECF No. 14 at 10.[4] *See Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) ("It is well-established that inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980))); *cf. Hammock v. Watts*, 146 F.4th 349, 361 (4th

---

[4] Plaintiff also makes a First Amendment claim related to the food he received as a pretrial detainee, but that is analyzed separately below.

Cir. 2025) (finding allegations of "rotten apples and mice-bitten meat" that led to illness on "several occasions" sufficiently pled to survive a motion to dismiss).

Plaintiff's remaining claims pertaining to cleaning supplies, personal care items, time spent in quarantine and isolation, and a backed-up toilet[5] could potentially survive summary dismissal were they accompanied by adequate factual allegations. *See Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991) (finding an Eighth Amendment conditions-of-confinement claim survived summary judgment when supported by a verified complaint that a cell toilet, shared by twelve inmates was "constantly coated with urine day and night" and where "the floors leading to the showers were constantly flooded with sewage as a result of toilets that continually leak" in addition to other conditions). However, as pled here, Plaintiff's allegations lack the specificity and supporting facts necessary to plausibly establish a constitutional violation. But, even if the court liberally construes Plaintiff's allegations to satisfy the first prong, they nevertheless fail for the reasons set forth below.

### 3.     Insufficient Pleadings as to Defendants' Actions or Failures to Act

Plaintiff's allegations regarding conditions of confinement also fail to satisfy the second prong of the deliberate indifference test. While Plaintiff names Oconee County Sheriff's Office officers, Oconee County Detention Center employees, members of the Tenth Circuit Solicitor's Office, a judge, and the governor in his complaint, he does not identify which specific Defendants acted or failed to act in the face of an unjustifiably high risk of harm that was either known or

---

[5] The Fourth Circuit's opinion references an allegation "that [Plaintiff] was confined to a cell with an overflowing toilet for 10 days, causing him to become sick." [ECF No. 82 at 4.] While it is extremely hard to decipher this portion of the amended complaint, the court found allegations that the urine and fecal matter in Plaintiff's toilet would not flush. *See* ECF No. 14 at 12–13. But the court was unable to find an allegation that the bodily waste overflowed in his cell though Plaintiff references a build-up of carbon monoxide and methane gas in reference to his toilet. *See id.* at 13.

should have been known with respect to Plaintiff's allegations concerning personal care items, cleaning supplies, food, isolation, or toilet situation. *See Rice v. Adams*, 172 F. 4th 428, 432 (4th Cir. 2026) ("To allege that an officer acted with deliberate indifference, the complaint must make defendant-specific allegations. The allegations must be particular enough to allow one to infer what each defendant did and knew. Lumping defendants together won't do." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009))). As a result, even if any of these allegations were sufficient to survive dismissal, it is unclear which Defendants would be responsible for the alleged constitutional violations. *Green v. Sumter Court*, C/A No. 3:07-1570-JFA-BM, 2007 WL 2022199, at *2 (D.S.C. July 9, 2007) ("The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, or construct a plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court . . . ." (internal citations and quotations omitted)). Although Plaintiff was given the opportunity to amend and supplement factual allegations, he failed to do so. Thus, even assuming the allegations satisfy the objective prong of the deliberate indifference test, they fail on the second prong for lack of defendant-specific factual allegations.

### 4.     All Conditions-of-Confinement Claims Must Be Dismissed

As explained here, Plaintiff has neither specified the Defendants who were responsible for the conditions complained of nor alleged enough facts to plausibly state a conditions claim. The court agrees with the magistrate judge that, as pled, Plaintiff's Fourteenth Amendment claims are subject to summary dismissal.

### B.    Freedom of Religion

"To state a free exercise claim, a plaintiff must allege '(1) that he holds a sincere religious belief and (2) that his religious practice has been substantially burdened by the prison policy or practice.'" *Hammock*, 146 F.4th at 365 (quoting *Firewalker-Fields v. Lee*, 58 F.4th 104, 114 (4th Cir. 2023)).

In his amended complaint, Plaintiff briefly asserts he requested and was denied his request for a religious diet. *See* ECF No. 14 at 10–11. The magistrate judge recommended summary dismissal of this claim as Plaintiff failed to allege how the denial of his meal request interfered with a tenant or belief central to his religion. [ECF No. 29 at 5.] Within his objections, Plaintiff again asserts he was refused a religious diet, but he does not articulate how his sincere religious belief burdened a sincerely held religious belief.[6] The court agrees Plaintiff's First Amendment claim should be dismissed, as it has not been adequately pled.

### C.    Insufficient Facts

The magistrate judge also recommended summary dismissal of the remainder of the complaint for failure to plausibly state any claims against the Defendants. [ECF No. 29 at 5–6.] The court agrees with and adopts that part of the Report. Plaintiff has failed to adequately plead any remaining claims under Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8

---

[6] This court summarily dismissed Plaintiff's complaint in this case on February 13, 2023. *See* ECF No. 52. Then, on May 11, 2023, Plaintiff filed a new complaint against employees of the Oconee County Detention Center, alleging they served him peanut butter despite knowing he is allergic and that his religion prohibits him from eating it. *See Johnson v. Rutz*, C/A No. 5:23-cv-1970-SAL, ECF Nos. 1, 24. That complaint was sufficiently pled and eventually served on the named defendants. But ultimately summary judgment was granted to the defendants. *See Johnson v. Rutz*, C/A No. 5:23-cv-1970-SAL, 2024 WL 3648215 (D.S.C. Aug. 5, 2024). To the extent Plaintiff's claims here are duplicative of his claims in that case, they are dismissed. *See Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) (Table) ("[D]istrict courts are not required to entertain duplicative or redundant lawsuits, [and] they may dismissed such suits as frivolous pursuant to § 1915(e).").

(requiring a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Iqbal*, 556 U.S. at 678 (stating Rule 8 does not require detailed factual allegations but requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding that a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action").

### CONCLUSION

After de novo review of the Report, the applicable law, and the record of this case in accordance with the above standards, the court overrules Plaintiff's objections, adopts both the 2022 and 2026 Reports, ECF Nos. 29, 100, as modified here[7] and incorporates those Reports by reference herein. Accordingly, this matter is **SUMMARILY DISMISSED WITHOUT PREJUDICE and without issuance and service of process**.

**IT IS SO ORDERED.**

May 13, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[7] The court does not adopt the legal standard applied by the magistrate judge in the 2022 Report as to Plaintiff's Fourteenth Amendment conditions-of-confinement claims. Instead, the court applies the standard articulated in this order.

12